**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**DEANDRE HOPSON**                                                                           **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:12CV-832-H**

**GOVERNMENT OF KENTUCKY** *et al.*                                     **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff DeAnDre Hopson filed a *pro se*, *in forma pauperis* complaint. Because Hopson is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). On review under § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

As a preliminary matter, included in the list of Defendants are "All Kentucky Federal Judges." Under 28 U.S.C. § 455(b)(5)(i) a judge shall disqualify himself if he is a party to the proceeding. Plaintiff, however, does not specifically name the undersigned as a Defendant and asserts no facts involving the undersigned. Recusal, therefore, is not warranted in this case. *See, e.g.*, *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) ("'There is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him

to do so when there is.'") (quoting *In Re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961)) (alterations in *Easley* omitted); 32 Am. Jur. 2d Federal Courts § 95 ("For a judge to be disqualified simply because the plaintiff has sued that judge would be to allow the plaintiff to manipulate the identity of the decision-maker and thus to engage in judge-shopping."). Having made that determination, the Court will continue with its review.

Hopson filed complaint against nearly thirty Defendants,[1] many, if not all of whom, he has already sued in one of his other actions filed in this Court, and he makes the same or similar allegations and raises the same or similar claims that he has raised in his other actions filed in this Court. In *Hopson v. Secret Service et al.*, 3:12CV-770-H, the Court entered a Memorandum Opinion and Order on March 15, 2013, barring Hopson from proceeding *in forma pauperis* in future actions against defendants named in suits in this Court and on the same subject matter. In that Order, the Court advised that Hopson had filed at least nineteen separate actions in this Court, and that all of the actions involve variations of the same subject matter, *e.g.*, that Hopson is being subjected to false state-court charges; that there are conspiracies against him in state court; that Ruth Spencer and attorney(s) fraudulently settled claims with Kentucky Farm Bureau having to do with medical claims after an assault; that Spencer has violated DVOs; that there is a

---

[1]As Defendants, he names: Government of Kentucky; Robert Klienfield; Adam Solinger; Weinburg Attorney at Law; Bennie Berry; Benny Lightsey; Denise Rainey; Christopher Smith; Montae Dunbar; Denetra Hopson; Ruth Ann Spencer; "Commonwealth Circuit Judges (Gibson) (Cunningham) (Edwards) (James Shakes)"; United Postal Service (St. Mathews); Commonwealth Kentucky police; "Commonwealth Family Judge Garber and Stringer"; Detective Gary Hoffman; county clerks; civil clerk; Attorney General of Kentucky; Kentucky Farm Bureau; Esurance Insurance Company; State Farm Insurance Company; Department of Kentucky Insurance; "Federal clerks Broadway locations"; "All Kentucky Federal Judges"; and Interchange law office.

2

Jewish-terrorist conspiracy; that there is a Ponzi scheme run by the Federal Reserve; and that there is obstruction of justice in state and federal court.

All of these claims are asserted in the instant action. For instance, Hopson states, "Family court Judges 'Dangerous' 3 DVO Violations, Ruth Spencer are Denying all Hearings, National set up if Defendents are violateing D.V.O's. Turning Down my court Dates By loseing Motions, Also Denying me Fare Safty For my children useing Kids to be exploited For goverment to Drop civil cases." He also alleges that "Defendent Weinburg Attorneys at law and commonwealth Attorneys in conspiracy, willingly obstructed justice . . . . to cover up they pozi scheme." Additionally, Hopson claims that Defendants "use tracking Device put into Hopson's Face to locate Him at all times like animal."

Upon consideration, the Court concludes that Plaintiff's complaint is frivolous, devoid of merit, and no longer open to discussion. For these reasons, the action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4412.005